Ali Kamarei, State Bar No. 175977
Alex Chen State Bar No. 245798
Sara B. Malek State Bar No. 262344
INHOUSE Co
Knight Ridder Bldg.
50 W. San Fernando St, Ste. 900
San Jose, CA 95113
Telephone: (650) 906-7040

E-filing

Attorneys for: Plaintiff Momento

FILED

2009 MAR 20  A 11:39

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

C09   01223   BZ

| | |
|---|---|
| MOMENTO, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SECCION AMARILLA USA, a California Limited Liability Corporation, CORY SUAZO, an individual, RAFAEL BERRIOS, an individual, and Does 1-50 inclusive, <br><br> Defendants | VERIFIED COMPLAINT FOR; COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; FALSE AND MISLEADING STATEMENTS; UNLAWFUL BUSINESS PRACTICES; AND ILLEGAL MAINTENANCE OF A MONOPOLY OR ATTEMPTED MONOPOLY; DEMAND FOR JURY TRIAL |

Plaintiff MOMENTO, INC. alleges as follows;

## INTRODUCTION

1.    Momento, Inc. (hereinafter "Momento") is the publisher of the Momento Spanish Yellow Pages West Bay and Momento Spanish Yellow Pages East Bay in Northern California.

-1-

2.     Momento has regularly published its yellow pages since 1998, catering to Spanish businesses and the Spanish community.  Momento's yellow pages have become known in the Spanish community as "the Spanish yellow pages."  Momento enjoys a well-established reputation as a provider of quality publications, including timely publication of its yellow pages.

3.     Momento is, and has been since its founding, a family–owned Spanish Yellow pages.  At a time when an increasing number of Spanish Yellow pages have been bought up by big publishing chains, Momento has remained a family operated entity.

4.     On October 24, 2006 Telefonos de Mexico (Telemex) acquired an 80% controlling share of Blue Equity, LLC which published Enlace Spanish Yellow Pages.  As a result of the acquisition Enlace became Seccion Amarilla, USA (hereinafter "Seccion"), the Defendant.

5.     The Defendant, Seccion, initiated their efforts in approximately 2007 to publish and distribute a yellow page directory of Spanish businesses and services for circulation within the Spanish community of Northern and Central California.

6.     Defendant Seccion intensified their efforts to secure advertisements for their yellow pages, at least as early as the beginning of 2008.  On information and belief, in what seems to be a regular practice, that salespersons employed by the Defendant Seccion have solicited from advertisers in Plaintiff's yellow pages, advertisements for Defendant's yellow pages.  The solicitation included intentional and knowing copying, and causing to be copied, large sections of Plaintiff's yellow pages, which is under Copyright protection afforded by Title 17 Section 501 of the United States Codes.  Thereafter, Defendants published Plaintiff's copyrights advertisement in their own yellow pages.

-2-

7.    Defendant Cory Suazo, on information and belief, is a commission based independent contractor working for Defendant Seccion and aided Seccion in the acts complained herein.

8.    Defendant, Rafael Berrios, on information and belief, is a commission based independent contractor working for Defendant Seccion and aided Seccion in the acts complained herein.

9.    Defendant Seccion has been pricing their advertising below cost in a direct attempt to harm Momento.  Unlike Momento, Seccion has the financial backing or protection of a "parent company" or publishing chain with revenues derived from other markets or other sources.

10.   This "stand alone" financial status makes Momento particularly vulnerable to anticompetitive business practices of Seccion, a chain-backed competitor, purposely forcing Momento into suffering operation losses thorough Defendant Seccion's sale of advertising below its costs and providing cut rate discounts to key advertisers of Moemto in order to lure the advertisers away from Momento.

11.   Defendant, Seccion is able to endure the losses created by that strategy because financial resources from its other markets where they have monopoly power are available to subsidize its operations until competition in the local market has been eliminated.

12.   Moreover, in order to accomplish their monopoly, Defendants have also been falsely advertising to potential advertisers and the general public that Defendants are "The First and only Spanish directory delivered to consumers in Northern California."

13.   The target of the sales effort and advertisements, and distribution of Seccion yellow pages, are the Spanish businesses and the Spanish community of Northern and Central California.  Therefore, Defendant's yellow page directory is in direct competition with that of the Plaintiff's.

-3-

Verified Complaint of Momento Inc.

**JURISDICTION AND VENUE**

14.    Momento's action for illegal maintenance or attempted maintenance of a monopoly arises under Section 2 of the Sherman Act.   Momento's action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §101 et seq. Momento's action for unfair competition arises under State Unfair Competition  (Cal. Bus & Prof. Code §17200) and False and Misleading Statements (Cal. Bus. & Prof. Code §17500). Further, Momento's action for unfair practices arises under State Unfair Practices Act §17043. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1338(b) because the state-law claims alleged herein, are substantially related and arise out of the same transaction and occurrence.

15.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims alleged occurred in this district and §1391(c) because the corporate Defendant resides here within the meaning of the venue statutes.

**PARTIES**

16.    Plaintiff Momento, Inc., is and at all times relevant herein was, a corporation organized and existing under the laws of the State of California, and qualified to do business in California.  Momento's corporate headquarters are located at 1650 Zanker Rd. Ste. 236,  San Jose, California.

17.    Defendant Seccion Amarilla, USA, LLC, is and at all times relevant herein was, a limited liability corporation organized under the laws of the State of California. Seccion's office is located at 700 E. El Camino Real, Suite 250 Mountain View California 94040.

18.     Defendant Cory Suazo, on information and belief, is a resident of Santa Clara, and whose place of business is 700 E. El Camino Real, Suite 250 Mountain View California 94040.

19.     Defendant Rafael Berrios, on information and belief, is a resident of Santa Clara, and whose place of business is 700 E. El Camino Real, Suite 250 Mountain View California 94040.

20.     Plaintiff Momento is presently unaware of the true names and capacities, whether individual, associate, corporate, or otherwise of Defendants Does 1 through 50, or any of them, and therefore sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of such fictitiously named defendants when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is legally responsible in some manner for the acts, omissions, and events alleged herein, and has proximately caused damages and injury to Plaintiff as herein alleged.

## FACTS GIVING RISE TO ALL CAUSES OF ACTION

21.     Momento prepares advertisements for its customers as well as compiling the overall arrangement and classification of the yellow page directory.  Momento does not merely alphabetically list businesses in its yellow pages.  Upon request by an advertiser to be included in Momento's yellow pages, appropriate advertisements are prepared for that advertiser. Further, upon request from a customer, Momento takes photographs of the customer or its business to be used in their advertisements.

22.     Momento is the author and owner of the copyrights for "Momento Spanish Yellow Pages" Copyright numbers TX-6-888-859, TX 6-888-862, TX 6-888-863, TX 6-900-597, TX 6-902-391, TX 6-902-260, TX 6-900-592, and TX 6-902-252.

Momento claims ownership of not only the compilation and arrangement of the information and business listings in the yellow pages, but also in the creation of the text, graphics, photographs, subjective headings, classification, selection of advertisements, design, and other original portions of individual advertisements in its yellow pages.

23.   Defendant Seccion has engaged in the business of publishing a yellow page directory for the Spanish community of Northern and Central California since 2007. Seccion purchased Enlace Spanish Yellow pages on October 24, 2006 and rebranded it's book as Seccion Amarialla.

24.   Defendant Seccion has refused to cease infringement of Plaintiff's copyright after being informed of Momento's ownership in the advertisements and of the directory.

25.    Defendants Seccion, Cory Suazo and Rafael Berrios have continued to solicit advertisements from advertisers in Plaintiff's yellow pages, which include soliciting advertisers by sending them Defendant's contractual agreement and advertisement rates, together with exact duplicates of the advertisements in Plaintiff's yellow pages.

26.   Defendants Seccion, Cory Suazo and Rafael Berrios have engaged in false comparative advertising campaign by stating that Seccion is "The First and only Spanish directory delivered to consumers in Northern California".

27.   Defendant Seccion is the largest Spanish Yellow page company in the United States.  As of July 2008, Seccion had ninety (90) directories that corresponded with ninety (90) different cities in thirty (30) states in the United States and backed by Carlos Slim, one of richest people in the world .

28.   Defendant Seccion's parent company, Telemex, is also the owner of the largest Spanish Yellow pages in Mexico and has a dominant market share in Mexico for the yellow pages.

29.   The Defendant Seccion's business practice includes the practice of purchasing existing Spanish Yellow pages in large Spanish communities across the Unites States in an attempt to dominate the market.  Seccion made an unsuccessful attempt to purchase Momento.

30.   If Seccion is unsuccessful at purchasing the competing yellow page company, Seccion solicits the competition's customers with below cost advertising while leveraging their losses with the gains made in their other markets.

31.   Since 2007 and continuing up to and including the date of filing of this Complaint, Defendant Seccion has attempted to monopolize the interstate trade and commerce in the creation and distribution of yellow pages for the Spanish community in Northern and Central California, by attempting to purchase Momento as well as other Spanish yellow pages.

## ANTICOMPETITIVE CONDUCT AND EFFECTS

32.   The relevant market is the market for Spanish Yellow page Advertisers in the Bay area.

33.   The advertisements in the Spanish Yellow pages are sold to advertisers and then printed in the Spanish Yellow pages.  The Yellow pages are then distributed to local Spanish speaking establishments and public.

34.   On information and belief, Defendants have engaged in illegal activity in an attempt to monopolize the Spanish Yellow page market.  As such, they control a large percentage of the market for the Spanish Yellow page market in the United States and are attempting to control an even larger market of the Spanish Yellow page market in the United States.

35.   Defendant Seccion has pursued business polices that have prevented competing Spanish yellow page companies from having an adequate opportunity to effectively compete for business in the Spanish market in Northern and Central

-7-

California by undercutting prices below cost, offering advertisement for free, or publishing advertisements without consent. Seccion has done this in order to falsely gain credibility with advertisers and consumers.

36.    Because Momento is a "free distribution publication", all of their operation revenues come from the sale of advertising space. This fact makes the price that can be secured and maintained for advertising space is the single most important factor in any yellow pages ability to operate at a profit and therefore with out subsidies from some outside source.

37.    Because of the Defendants' actions and in attempting to monopolize the Spanish Yellow Page market in the Bay Area as well as the United States, there was and is less competition in the Spanish Yellow page market. Therefore, Plaintiff and their customers are not and will not be the beneficiaries of a competitive market, which in turn leads to an increase in advertising fees, and decrease in profits, if not a complete destruction of Plaintiff's business.

## GENERAL ALLEGATIONS

38.    On the facts, evidence and information available, Plaintiff alleges that Defendants Seccion, Cory Suazo and Rafael Berrios have made numerous unauthorized and illegal copies of Plaintiff's yellow page advertisements. Unauthorized copies sent by Defendants Seccion, Cory Suazo and Rafael Berrios to the advertisers contain Defendant Seccion's name and/or facsimile number.

39.    Defendant Seccion, with knowledge of the infringing activity and with substantial participation, have induced, caused, or have materially contributed to the infringing conduct of Defendants Cory Suazo and Rafael Berrios, who have copied advertisements without authorization from Plaintiff. Therefore, Defendant Seccion is

-8-

a contributory infringer, with regard to the infringing acts of Defendants Cory Suazo and Rafael Berrios.

40.    Defendant Seccion at all times had and has the right and ability to control the infringing acts of Cory Suazo and Rafael Berrios and have received direct financial benefit from the infringement. Therefore, Defendant Seccion is vicariously liable for the infringing acts of Cory Suazo, Rafael Berrios.

41.    Defendant Seccion had the right and ability to control the activities of Cory Suazo and Rafael Berrios and have received direct financial benefit from the activity. Therefore, Defendant Seccion is vicariously liable for the intentional tortious activities of Cory Suazo and Rafael Berrios.

**FIRST CLAIM FOR RELIEF**
Copyright Infringement, of Momento Spanish yellow pages,
17 U.S.C. §101 et seq.
against all Defendants.

42.    Momento re-alleges each and every allegation in paragraphs 1 through 41 inclusive, and incorporates them by reference herein.

43.    Momento Spanish Yellow Pages West Bay, East Bay, and their individual advertisements created by Plaintiff, are protected under the Copyright Act of 1976, 17 U.S.C. §101 et seq.

44.    The foregoing acts of the Defendants violate Momento's exclusive rights to reproduce, publish, display and produce derivative work from the "Momento Spanish Yellow Pages" all in violation of Momento's exclusive copyrights under 17 U.S.C. §106 and §501.

45.    The foregoing acts of the Defendants are contributing to infringement of others and violates Plaintiff's exclusive rights to reproduce, publish, display and

-9-

Verified Complaint of Momento Inc.

produce derivative work of the "Momento Spanish Yellow Pages, all in violation of Momento's exclusive copyrights under 17 U.S.C. §106 and §501.

46.     With regard to the infringing acts of Defendants Cory Suazo and Rafael Berrios, Defendant Seccion is a contributory infringer.

47.     Defendant Seccion is vicariously liable for the infringing acts of Cory Suazo and Rafael Berrios.

48.     Unless restrained, Defendants will continue the acts complained of herein, to Momento's irreparable injury.

49.     Defendants' unlawful acts set forth above constitute willful copyright infringement under 17 U.S.C. §504.

50.     Momento seeks statutory damages from Defendants under 17 U.S.C. §504(c)(1) and (2) for such infringement of Momento's copyrights in "Momento Spanish Yellow Pages" in the amount of $150,000 for each such infringement.

51.     In the alternative, Momento seeks to recover damages it has suffered as a direct and proximate result of the foregoing acts of the Defendant, an amount which cannot now be ascertained but that is capable of proof at trial in addition to Defendants' wrongful gains and profits, and advantages that has been obtained, which cannot now be ascertained now but is capable of proof at trial.

## SECOND CLAIM FOR RELIEF
False and Misleading Statement
Cal. Bus. & Prof. Code §17500 and §17200
against  all Defendants.

52.     Momento re-alleges each an every allegation in paragraphs 1 through 51 inclusive, and incorporates them by reference herein.

53.     Defendants Seccion, Cory Suazo and Rafael Berrios have made false statements that defendants yellow pages is "The First and only Spanish directory delivered to consumers in Northern California" which constitutes unfair business

-10-

practice and unfair competition prohibited by sections 17200 and 17500 of the California Business & Professions Code.

54.     Defendants have advertised their services and publicly disseminated said advertising through presentations to potential customers and made the false assertion that they are "The First and only Spanish directory delivered to consumers in Northern California" in violation of section 17500 of the California Business and Professions Code.

55.     Defendants have intentionally made and caused to be made untrue and misleading statements in violation of sections 17500 of the California Business and Professions Code in those advertising presentations.  These practices and acts have injured Momento in its business and property and entitles it to an injunction and restitution as set forth below.

56.     Defendants have intentionally made false misrepresentations of fact to mislead, and false comparative claims in advertisements, which are likely to cause irreparable injury to Defendants in violation of Section 17500.  Illegible

57.     Defendants knew or should have known said statements were false or untrue.

58.     Defendants' false and misleading advertisements in conjunction with promoting Defendant's yellow pages is in violation of California Business & Professions Code, sections 17200 and 17500.

59.     As a direct result of Defendants' actions and omissions, Plaintiff was damaged in an amount according to proof due to the loss of sales and due to Defendant's damage to and interference with Plaintiff's existing contract and business relationship with various advertisers.  As a direct and foreseeable consequence of Defendant's interference, Plaintiff's reputation in the market and with Plaintiff's advertisers has been permanently damages in an amount according to proof.

Verified Complaint of Momento Inc.

60.     Defendants' actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants, and each of them, in an amount according to proof.

## THIRD CLAIM FOR RELIEF
State Unfair Practices Act
Cal. Bus. & Prof. Code §17043 and §17200
against all Defendants.

61.     Momento re-alleges each an every allegation in paragraphs 1 through 60 inclusive, and incorporates them by reference herein.

62.     Defendant, Seccion sold and is selling advertisements below cost or has given away advertisements with the purpose to injure Momento and other competitors as well as destroy Momento and Seccion's other competitors.

63.     Defendant's sale of advertising was and is at prices below Defendant Seccion's average total costs.

64.     Defendant Seccion offering free advertisements or advertising at prices below cost of production is in violation of California Business & Professions Code, section 17200 and 17043.

65.     Plaintiff is informed and believes, and thereon alleges, that the Defendant Seccion has offered and sold advertising space below their average total cost of producing and distributing that space, for the specific purposes of (a) injuring and eliminating plaintiff as competition, and (b) destroying competition for the sale of advertising space in the Spanish Yellow pages market in the Bay Area.

66.     Defendant Seccion knew that by offering and selling advertising space at below cost prices , they could cause Momento to lose money on its advertising and eventually be forced out of business, while defendants would be able to subsidize their

-12-

own losses caused by that practice through profits derived from their Spanish Yellow pages in other markets which do not face much direct competition.

67.     Defendant will continue to, offer to sell and sell to purchasers of advertising at prices below Defendant Seccion's average total cost of producing the same.

68.     As a result of such unfair practices, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm if such conduct is not enjoined.  Plaintiff has no adequate remedy at law, and is entitled to preliminary and permanent injunction prohibiting any unfair practices or acts by Defendants.  Further, Plaintiff is entitle to its damages in an amount to be proven at trial, but far in excess of the jurisdictional minimum of this court.  Those damages are subject to trebling under California Business and Professions  section 17082.

### FOURTH CLAIM FOR RELIEF
State Unfair Practices Act
Cal. Bus. & Prof. Code §17045
against all Defendants

69.     Momento re-alleges each an every allegation in paragraphs 1 through 68 inclusive, and incorporates them by reference herein.

70.     Plaintiff is informed and believes, and thereon alleges, that for at least the two years preceding the date of this Complaint, the defendants, and each of them, secretly extended to certain selected purchasers of Spanish yellow pages advertising space, for whose advertising business plaintiff and defendants compete, special services and/or privileges in the nature of unearned discounts not extended to all purchasers. Specifically, plaintiff is informed and thereon alleges that such secret "targets" allowance of unearned discounts were extended by defendants offering and selling advertising space at rates significantly below, the stated rates in Seccion's contracts for advertising space in question, and those secret discounted rate were

-13-

Verified Complaint of Momento Inc.

extended to certain key advertisers whose business was critical tot the long term survival of Momento.

71.    Momento is informed and thereon alleges, that the Defendants, and each of them, have conducted the above-referenced unfair business practices in the nature of targeted secret allowance of unearned discounts for the purposes of (a) injuring and eliminating Plaintiffs a competitor, and (b) destroying competition for the sale of advertising space in Spanish yellow pages in the Bay area.  The Defendants, and each of them, knew, that by  "buying" kep advertisers through offering secret unearned discounts to select advertisers key to Momento's long term survival, they could cause Momento to loose money on its advertising space and eventually be forced out of business, while Defendants would be able to subsidize their own losses caused by that practice through profits derived from their Spanish yellow pages in other markets that do not face much competition.

72.    Unless restrained, Defendants will continue to make available secret allowance of unearned discounts to targeted advertising space purchasers for the express purpose of inflicting competitive injury to Plaintiff, there thereby tending to destroy competition for the dale of advertising space in Spanish yellow pages in the Bay Area.

73.    As a direct and proximate result of the above-referenced unfair business practices of the defendants, and each of them, Plaintiff has been deprived of (a) advertising sales to existing and potential customers for advertising space in Momento East and West Bay, and (b) fair market rates for said advertising space, all to its damage in an amount to be proved at trial, but far in excess of the jurisdictional minimum of this court.  Those damages are subject to trebling under California Business and Professions §17082.

## FIFTH CLAIM FOR RELIEF
### Illegal Maintenance Of Monopoly or Attempted Monopoly

Verified Complaint of Momento Inc.

In The Market Of Spanish Yellow Pages
In Violation Of Section 2 of the Sherman Act
Against Defendant Seccion.

74.    Momento re-alleges each and every allegation in paragraphs 1 through 73 inclusive, and incorporates them by reference herein.

75.    Defendant Seccion's monopoly block possesses exclusionary market power in the Spanish Yellow page market in the Bay Area.

76.    On information and belief, since fall 2006 and continuing up to and including the date of filing of this Complaint, Defendant Seccion has monopolized and attempted to monopolize the interstate trade and commerce in the Spanish Yellow page market in the Bay Area as well as the United States, in violation of Section 2 of the Sherman Act (15 U.S.C. § 2).

77.    Pursuant to and in furtherance of the monopolization and attempt to monopolize, Defendant Seccion has pursued that the above stated polices which have prevented competing Spanish Yellow pages from having an adequate opportunity effectively to compete for business in the Spanish Yellow page market, and in turn, has precluded Momento and other Spanish Yellow pages.

78.    The acts on the part of the Defendant Seccion were and are in restraint of trade and did and do constitute a monopoly, and were and are an attempt to monopolize, and by reason of these actions, Plaintiff Momento has injured Plaintiff and excluded Plaintiff from competition.  Pursuant to 15 U.S.C. § 15, awarding to Plaintiff the damages it has sustained as result of the illegal conduct of Seccion, in an amount to be proven at trial, to be trebled by law, plus interest (including pre-judgment interest);

79.    The harm to Plaintiff is of the type that the antitrust laws are intended to prohibit and thus constitutes antitrust injury.

## PRAYER FOR RELIEF

-15-

WHEREFORE, Momento prays for judgment as follows:

1.      That Defendants each be held to have infringed Momento's copyrights in its "Spanish Yellow Pages."

2.      That Defendants be held to have committed unfair, unlawful, and fraudulent business practices in violation of California Business and Profession Code, Sections 17200 and 17500.

3.      That Defendants be held to have committed unfair practices in violation of California Business and Profession Code, Section 17043 and 17200.

4.      That Defendants be held to have committed unfair practices in violation of California Business and Profession Code, Section 17045.

5.      That Defendant Seccion be held to have illegally maintained or attempted to maintain a monopoly in the market of Spanish Yellow pages in violation of Section 2 of the Sherman act.

6.      That Defendants, their directors, employees, officers, agents, servants, and all other persons in active concert or privity or in cooperation with them, be enjoined from directly or indirectly infringing Momento's copyrights in the "Momento Spanish Yellow Pages" or continuing to market, offer, sell, dispose, license, lease, transfer, display, advertise, reproduce, develop, publish or manufacture any works derived or copied from the Momento yellow pages, or to advertise the goods which are the fruits of such infringing activities, or to advertise in a manner which is false, misleading and injurious to Plaintiff.

7.      That Defendants, their directors, employees, officers, agents, servants, and all other persons in active concert or in privity or in cooperation with them, be enjoined to return to Momento, originals, copies, facsimiles, or duplicates of the Momento yellow pages or advertisements in their possession, custody, or control.

-16-

Verified Complaint of Momento Inc.

8.      That Defendants be enjoined to recall from all distributors, retailers, customers, and all other known to Defendants any originals, copies, facsimiles, or duplicates of any original works or any derivative works shown by the evidence to infringe Momento's copyrights.

9.      That Defendants be required to file with this court, and to serve on Momento, within thirty (30) days after service of this Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants each complied with this Court's order.

10.     That judgment be entered for Momento against all Defendants, for Momento's actual damages according to proof, and for any additional profits attributable to infringement of Momento's copyright, in accordance with proof.

11.     That judgment be entered for Momento against all Defendants, for statutory damages based upon Defendants' acts of infringement, pursuant to Copyright Act of 1976, 17 U.S.C. §101 et seq.

12.     That Defendants each be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

13.     That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be in constructive trust for the benefit of Momento.

14.     That Defendants be permanently enjoined from committing directly or indirectly, any acts that are likely to cause public or trade confusion, mistake or deception with respect to a relationship between Plaintiff Momento and Defendants.

15.     That Defendants be required to take necessary steps including corrective advertisement and notice to all advertisers and the public, who may have seen, heard of, or purchased any of Defendant's products bearing Momento's marks, including copies of Momento's advertisements, which notice shall disclaim any connection with

-17-

Plaintiff and of any false and misleading statements, and shall advise them of the Court's injunction.

16.     That Momento be awarded punitive and exemplary damages against Defendants.

17.     That Defendants be ordered to reimburse Plaintiff for the cost of this action, together with reasonable attorney's fees and costs incurred by reason of this action.

18.     That Defendants be ordered to provide restitution for its unlawful business practices and false and misleading statements.

19.     That the Court grant such order, further, and different relief as the Court deems proper under the circumstances.

DEMAND FOR JURY TRIAL

Dated: March _____19_____, 2009

By: _____

Ali Kamarei

Attorney for Plaintiff Momento

-18-

Verified Complaint of Momento Inc.

# VERIFICATION

I, ALI PARVIN, am an owner of MOMENTO, Plaintiff in this action.  I have read the Verified Complaint For Injunctive Relief And Damages For: (1) COPYRIGHT INFRINGEMENT; and (2) COMMON LAW INFRINGEMNET and (3) COMMON LAW UNFAIR COMPETITION, and know the contents thereof.

The same is true of my own knowledge, except as to matters which are therein stated on information and belief.

I declare under penalty of perjury that the foregoing is true and correct,

Dated: March ___*19*___, 2009

By: _____

Ali Parvin

Momento, Inc.

-20-

Verified Complaint of Momento Inc

1

2                         VERIFICATION

3

4       I, HAMID PARVIN, am the President of MOMENTO, Plaintiff in this action.  I

5 have read the Verified Complaint For Injunctive Relief And Damages For: (1)

6 COPYRIGHT INFRINGEMENT; and (2) COMMON LAW INFRINGEMNET and (3)

7 COMMON LAW UNFAIR COMPETITION, and know the contents thereof.

8

9       The same is true of my own knowledge, except as to matters which are therein

10 stated on information and belief.

11

12       I declare under penalty of perjury that the foregoing is true and correct,

13

14 Dated: March ___3-19th___, 2009

15

16                     By: _____

17                     Hamid Parvin

18                     Momento, Inc.

19

20

21

22

23

24

25

26

27

28

Verified Complaint of Momento Inc