**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| MOMENTO, INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>SECCION AMARILLA USA, a California LLC, CORY SUAZO, RAFAEL BERRIOS, DOES 1-50,<br><br>  Defendants. | No. C 09-1223 SBA<br><br>**AMENDED ORDER**<br><br>[Docket No. 2] |

The matter before the Court is Plaintiff's *Ex Parte* Application for Order for Impound or, in the Alternative, Order to Preserve Evidence, Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, filed March 20, 2009. For the reasons discussed below, the Court DENIES the *Ex Parte* Application for Order to Impound, or Temporary Restraining Order and ORDERS Plaintiff to immediately serve copies of all pleadings and evidence it has filed in this matter on Defendants by Wednesday, March 25, 2009. Defendants may file any opposition to the requested Temporary Restraining Order by March 26, 2009, at the close of business, at which time the Court will take the matter under submission.

**BACKGROUND**

This is a copyright infringement case involving advertisements that appear in the Spanish Yellow pages of two different publishers. Plaintiff is the alleged creator of the copyrighted works, which defendant allegedly has copied in whole, or in part.

Plaintiff is Momento, Inc. (Momento), a California corporation that publishes Spanish Yellow Pages in Northern California. Momento creates advertisements for its Yellow Pages by preparing text, taking photographs of client advertisers, translating text from English to Spanish, and designing the layout of advertisements, including selection of fonts and colors. [H. Parvin Decl. ¶ 2]. Momento has been publishing Spanish Yellow Pages in Northern California – West Bay and East Bay editions – since 1998, and also publishes in the Central Valley of California. Momento

1  distributes by delivering to consumers directly at business establishments catering to Spanish
2  speaking customers. [A. Parvin Decl. ¶ 5].
3           Defendant is Seccion Amarilla USA (Seccion Amarilla) and Seccion Amarilla
4  representatives Corty Suazo and Rafael Berrios.  Seccion Amarilla allegedly entered the Northern
5  California market when it purchased Enlace Spanish yellow pages over two (2) years ago.
6           Upon discovery of allegedly infringing activity, Momento sent Seccion Amarilla a cease-
7  and-desist letter on November 10, 2008. [A. Parvin Decl., Ex. 1].  Momento explained that many
8  display advertisements in the 2007 and 2008 Seccion Amarilla directories for Northern and Central
9  California are "full or partial copies of advertisements published in Momento's" directories.
10 Momento provides the Court with evidence of its ownership of the copyrights for the "text,
11 translation, photographs, compilation, editing, artwork" of Momento Spanish Yellow Pages West
12 Bay and East Bay editions, for the years 2005-2008. [A. Parvin, Decl., Ex. 3, Certificate of
13 Registration with the United States Copyright Office].  *See* also Complaint, ¶ 22.
14           Defendants allegedly make exact duplicates of ads that have been designed and prepared by
15 the plaintiff. [H. Parvin Decl., Exhibits B, C, D, E].  For example, Plaintiff's Exhibit B shows an
16 advertisement for "All Drivers Insurance" which appeared in the Momento East Bay Directory in
17 2007-2008, and two identical advertisements that allegedly appeared in the Seccion Amarilla for San
18 Jose 2007-2008, and the Central directory for 2007-2008.
19           Defendants also allegedly copy photographs that have been taken by the plaintiff. [A. Parvin
20 Decl., Exhibits 5-6, 8-9].  An example is Exhibit D, an advertisement for the law office of Robert
21 Jobe.  The ad features a photograph of Robert Jobe and his wife, Marirose Piciucco, and the
22 advertisement appeared in the Momento West Bay Directory in 2006-2007.  Co-owner H. Parvin
23 attests that the 2009 Momento advertisement for Robert Jobe features a picture of Jobe without
24 Piciucco, upon request of Jobe following his divorce from Piciucco. [H. Parvin Decl. ¶ 7].  Seccion
25 Amarilla's advertisement for Jobe's law office, however, is printed with the outdated picture of Jobe
26 and his wife.
27           In addition, the defendants allegedly copy photos that Momento has taken and modified with
28 software to produce a new image. [A. Parvin Decl., Exhibits 5-6].  For example, Momento took the

photograph of the clients that was used in the advertisement for the law office of Robert Beles. [A. Parvin Decl. Exhibit 5]. The original photo of Ernesto Castillo, who appears in the lower right hand of the photo, was used in the Momento East Bay directory for 2005-2006. The Momento advertisement for 2008-2009 uses a picture, in which Castillo's appearance has been changed through "photoshop" techniques. Momento made the changes to the Castillo photograph. However, the Seccion Amarilla advertisement in the 2009 Directory features the older, original photograph. This evidence supports the contention that Seccion Amarilla copies not only text but also photographs that are the copyrighted property of Momento.

Defendants are also alleged to solicit customers by sending an "ad proof" to potential advertisers for their approval for inclusion in the Seccion Amarilla. Momento alleges the "ad proof" is nothing more than a scanned copy of a copyrighted advertisement created by Momento, perhaps with slight font and color changes. The potential advertiser is asked for permission "to print the Ad as is" for free, or with corrections, for a fee. [A. Parvin Decl. Ex. 4]. Plaintiffs present evidence that some of the clients solicited by Seccion Amarilla either (1) told Defendant they did not want to place the advertisement, and it appeared nonetheless, or (2) agreed to advertise in the Seccion Amarilla but did not authorize Momento's artwork to be used. [*See* the declarations of L. Arellano, Phillip M. Tibin, Edward Clements, Jason Ramirez and Rick Romero Decl.].

Finally, Defendants are alleged to engage in false advertising in violation of state law by representing to the general public that they are the "first and only Spanish directory delivered to consumers in Northern California." [A. Parvin Decl., Ex. 7].

Defendants allegedly have not ceased their infringing activity, even after being formally notified. Plaintiff believes that Defendant continues to scan the Momento-created advertisements into computer data bases and publishes them. Plaintiff filed the Complaint and *Ex Parte* Application for injunctive relief on March 20, 2009. The Complaint alleges federal copyright infringement, antitrust violations arising under Section 2 of the Sherman Act, and state law unfair business practices claims, including False and Misleading Statements.

The primary immediate relief requested by the plaintiff is an Order to Impound and turn over to Plaintiff's counsel, for their review, all primary infringing materials: that is, those materials which

were used to secure advertisements from advertisers. This includes but is not limited to (1) salesperson and company files relating to solicitation of advertisements that contain copyrighted works of Momento; and (2) portable computer files and other media on which the defendants have stored copyrighted works or derivative materials, including data stored on internal hard disk drives.

Plaintiff seeks this relief without notice to the Defendants in order to preserve evidence.

## LEGAL STANDARD

**I.   Notice Requirements for Temporary Restraining Orders**

Under Local Rule 65-1(b), "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." N.D. Cal. Civ. R. 65-1(b). Rule 65(b) further specifies the conditions for an *ex parte* TRO, stating:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only* if: (A) specific facts in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any *efforts* made to give notice and the *reasons* why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added); *see Reno Air Racing Assoc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

As the Supreme Court has noted, the burden to obtain an ex parte TRO is quite heavy, as they are generally disfavored:

> The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (internal citation omitted).

## ANALYSIS

**I.   Momento has not made a sufficient showing for a TRO.**

To obtain a TRO without notice to an adverse party, Momento must comply with the requirements of Rule 65(b)(1). Here, Momento fails to do so for two reasons. First, Momento fails

to provide "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" The Ninth Circuit has held to justify an *ex parte* TRO on the grounds the alleged infringer is likely to dispose of the infringing goods before the hearing, "the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Reno*, 452 F.3d at 1131 (*quoting First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993)).

> [P]laintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history.

*Id*.

In an action for copyright infringement, irreparable harm may be presumed upon a copyright owner's demonstration that it is likely to succeed on the merits of its copyright infringement claim. Here, even if Momento were to demonstrate both success on the merits and irreparable harm, it fails to demonstrate the *immediacy* of any such harm. Momento's reason for proceeding without notice to the adverse parties is that "litigation [will be] much more difficult and possibly fruitless for plaintiff" if "unauthorized copies [are] destroyed or concealed." In addition, Momento claims it will incur great expense in tracking down additional copies of the infringing materials, because clients may have discarded them or returned them to Seccion Amarilla, causing Plaintiff to have to depose numerous advertisers. [*Ex Parte* Application at p. 28]. Under the *Reno* analysis cited above, Momento must do more than posit the possibility that Defendants may dispose of evidence if given notice. It has not. Further, it must support any showing with evidence that the adverse party has a history of disposing of evidence or violating court orders. It has not. Consequently, Momento's assertions are insufficient to support *ex parte* relief.

The plaintiff has presented evidence to the Court for the purpose of demonstrating likely success on the merits of the copyright infringement claims. Momento provides ownership of a valid copyright and evidence of copying of the copyrighted work. Momento clearly has done extensive investigation and secured numerous examples of the defendant's infringing materials. These examples are attached to the request for injunctive relief and explained in detail by two co-owners of

1  Momento. In addition, Momento has submitted declarations from clients who are familiar with the
2  infringing materials and have sworn, under penalty of perjury, that they did not authorize the use by
3  Seccion Amarilla of photographs or completed display ads that had been created for them by
4  Momento. Thus, even if Seccion Amarilla were to destroy primary infringing materials which it
5  stores on internal hard drives or portable data storage devices, Momento has preserved evidence of
6  the infringement and has identified witnesses to testify in its favor.

7  Second, Momento has failed to explain any " *efforts* made to give notice and the *reasons* why
8  it should not be required." Even though the movant's attorney attests that it sent a cease-and-desist
9  letter in November 2008 to counsel for Seccion Amarilla, he fails to provide any information
10 concerning the outcome of the communication and whether there has been any effort to provide
11 notice. Notably, Defendant made several requests in its November 21, 2008, response to Momento,
12 asking for proof of copyright registration and examples of the advertisements which Momento
13 claims have been copied. Yet the Court has not been apprised of Momento's response, if any, the
14 outcome of any further dialogue, and any reason why notice should not be given.

15 For these reasons, the movant has failed to demonstrate that a TRO should issue without
16 notice to Seccion Amarilla under both the FRCP 65(b) and L.R. 65-1.

### CONCLUSION

18 Although Momento is not entitled to *ex parte* relief, given its declarations which raise
19 credible allegations of copyright infringement, the Court HEREBY SETS an expedited briefing
20 schedule for Momento's request for an Order to Impound or Temporary Restraining Order.
21 Accordingly, the Court DENIES Momento's *Ex Parte* Application but ORDERS Momento to serve
22 copies of all pleadings and evidence it has filed in this matter on Defendants by Wednesday, March
23 25, 2009. Defendants may file any opposition to the requested Temporary Restraining Order by
24 March 26, 2009, at the close of business, at which time the Court will take the matter under
25 submission.

26 IT IS SO ORDERED.
27 DATED: 3/24/09

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge