**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| MOMENTO, INC., a California corporation,<br><br>    Plaintiff,<br><br> v.<br><br>SECCION AMARILLA USA, a California LLC, CORY SUAZO, RAFAEL BERRIOS, DOES 1-50,<br><br>    Defendants. | No. C 09-1223 SBA<br><br>**AMENDED ORDER**<br><br>[Docket No. 2, 19, 60] |

Before the Court is Plaintiff's Application for Order for Impound or, in the Alternative, Order to Preserve Evidence, Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, filed March 20, 2009. [Docket No. 2]. The Court has considered the briefs and exhibits submitted by the parties both in support of and opposition to the application, as well counsels' argument during the telephonic hearing on May 6, 2009. For the reasons discussed below, the Court GRANTS Plaintiff's motion and enters a preliminary injunction against Defendants.

**INTRODUCTION**

Because this is the second order pertaining to Plaintiff Momento, Inc.'s ("Momento") request for injunctive relief, the Court need not repeat the factual background. The *ex parte* motion, filed on March 20, 2009, was denied on March 24, 2009, defendants were given notice and the parties were instructed to fully brief the matter. [*See* Docket No. 19]. At the telephonic hearing, the parties agreed they had no objection to treating the request for a temporary restraining order as a request for a preliminary injunction, given their opportunity to be heard, the coterminous legal standards and the six week elapsed time since the initial filing.

Momento seeks an injunction against Defendant Seccion Amarilla, USA ("SAUSA") from copying Momento's Spanish language advertisements for use in its own Spanish language directories. The primary infringing materials include but are not limited to (1) salesperson and company files relating to solicitation of advertisements that contain copyrighted works of Momento;

and (2) portable computer files and other media on which the defendants have stored copyrighted works or derivative materials, including data stored on internal hard disk drives.  In addition, Momento seeks the retrieval of SAUSA directories that contain infringing material and are not in the possession of individual consumers. Finally, Momento seeks to enjoin the distribution of the April 2009 Oakland directory, currently stored in a warehouse pending the Court's decision on the instant motion.

**LEGAL STANDARD**

The standard for a preliminary injunction balances the plaintiff's likelihood of success against the relative hardships to the parties. To receive a preliminary injunction, Plaintiff is required to show "either (1) a likelihood of success on the merits and the possibility of irreparable injury, OR (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in its favor.  These two alternatives represent 'extremes of a single continuum,' rather than two separate tests.  The greater the relative hardship to the moving party, the less probability of success must be shown." *Sun Microsystems, Inc. v. Microsoft Corp.*  188 F.3d 1115, 1119 (9th Cir. 1999).

**ANALYSIS**

**I.    Likelihood of Success on the Merits.**

    **A.    Copyright Infringement.**

In order to prevail on its claim for copyright infringement, Momento must demonstrate 1) ownership of a valid copyright interest, and 2) copying of the copyright work. *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir. 1989)

    *1.    Ownership.*

Momento has established that it is the owner of copyright registrations for Momento Spanish Yellow Pages, the West Bay and East Bay editions, for 2005 to 2008.  By virtue of the registrations, Momento has demonstrated ownership of both the individual ads (entered as exhibits to the motion) as well as the design and layout of the directories as a whole.  SAUSA's position is that it is not infringing because SAUSA obtained a non-exclusive license to use, reproduce or create derivative works directly from the clients.   The non-exclusive license is purportedly granted by one of the terms and conditions stated on the reverse side of its sales contract.

SAUSA argues that Momento advertisements are jointly owned by Momento and its clients because they collaborated on creating the advertisements and because elements of the ads are pre-existing elements, and thus not copyrightable. In the Ninth Circuit, a "joint work" must: (1) be a copyrightable work, (2) have two or more "authors," and (3) the authors must intend "their contributions be merged into inseparable or interdependent parts of a unitary whole." *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (citing to 17 U.S.C. § 101). "The best objective manifestation of a shared intent is a contract saying that the parties intend to be or not to be co-authors." *Id.* at 1235.

The evidence before the Court favors a finding that Momento is the sole owner of its client's advertisements. First, Momento has contracts with clients, the terms of which state that the artwork designed by Momento Inc. is its sole property and shall not be copied or reproduced in any way without written permission from Momento. Second, evidence of specific conduct of one client who expressly sought permission from Momento when he wished to use a photograph that was taken by Momento for use on his web page. Third, evidence in the form of declarations from several clients who attest they never gave SAUSA permission to copy their Momento advertisements for use in the SAUSA directory. Thus, client contracts and client conduct provide objective evidence of sole ownership. Finally, there is no evidence to support joint ownership.

        2.    *Copying.*

In order to demonstrate copying of copyrighted material, a plaintiff can show "substantial similarity" between the copyrighted and the infringing works. *Walt Disney Productions v. Air Pirates*, 581 F.2d 751 (9th Cir. 1978). The Court has before it a number of advertisements which appear in the SAUSA directories and are substantially similar, or in some cases, virtually identical to Momento ads. *See*, *e.g*. Plaintiff's Exhibit D and Exhibit 5, for the law offices of Robert Jobe and the law offices of Robert Beles. Based on the documentary evidence before it, Momento has established a likelihood of success on the merits of its copyright infringement claim.

**B.  False Advertising**.

A false advertising claim under California Business and Professions Code §17500 has three elements:

(1) an untrue or misleading statement;

(2) that is known to be untrue or misleading; and

(3) the likelihood that members of the public are deceived.

Momento alleges the following statement is false and misleading: the SAUSA sales pitch that its directories are "the first and only Spanish directory delivered to consumers in Northern California."  At the hearing, SAUSA contended the statement is at best ambiguous but is neither false nor misleading because the two companies have entirely different methods of delivering the directories, thereby making them distinct from one another.  SAUSA does not dispute that Momento was the first Spanish directory published in Northern California, therefore at least that part of the statement is false.  In the absence of any evidence to the contrary, the Court finds Momento has demonstrated a likelihood of success on the merits of its false advertising claim.

**II.     Irreparable Injury.**

The familiar Ninth Circuit rule is that in cases involving copyright claims, where a copyright holder has shown likelihood of success on the merits of a copyright infringement claim, there is a presumption of irreparable harm.  *Johnson Controls, Inc. v. Phoenix Control Systems, Inc*., 886 F.2d 1173 (9th Cir.1989).  The Court agrees with SAUSA that it should not automatically presume a demonstration of irreparable harm in copyright cases since the Supreme Court's decision in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). [Opp'n, p. 11].  The *eBay* case involved a permanent injunction in a patent case, and the Court flatly rejected a presumption of  irreparable harm: "this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed."  *Id.* at 392-393.  *See also MGM v. Grokster*, 518 F.Supp.2d 1197, 1213 (C.D. Cal. 2007) (declining to assume irreparable harm and following the four-part equitable test); *Allora, LLC v. Brownstone*, 2007 WL 1246448, 5 (W.D. N.C. 2007) (holding that "until this issue is clarified by the Fourth Circuit or the Supreme Court, this Court will not presume irreparable harm and likelihood of success on the merits following a prima facie showing of copyright infringement, but will instead treat copyright cases in the same manner as any other civil action requesting a preliminary injunction).

4

The Court intends to apply the traditional test, which requires a plaintiff to demonstrate:

(1) it has suffered an irreparable injury;

(2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) the public interest would not be disserved by a permanent injunction. *Ebay,* 547 U.S. at 391.

Momento argues that even without application of the presumption of irreparable harm, the jeopardy to Momento's investment and competitive position caused by SAUSA's wholesale copying of at least thirty Momento-designed advertisements satisfies the requirement of irreparable harm needed to support a preliminary injunction. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254-1255 (3rd Cir. 1983) (granting preliminary injunction on the basis that adequate evidence of the expenditure of significant time, effort and money directed to the production of the copyrighted material supports the rationale for protecting copyright, that of encouraging creativity, and rejecting the argument that an injunction would have a "devastating effect" on defendant's business because "if that were the correct standard, then a knowing infringer would be permitted to construct its business around its infringement, a result we cannot condone.").

SAUSA claims to be the largest publisher of Spanish Yellow Pages in the world, with a distribution scope of 23 U.S. states and four countries. Momento is a family-owned business in Northern California and has published Spanish yellow pages in Northern California since 1998. The companies are direct competitors. The effect of SAUSA's false claim to being the first and only Spanish Yellow Pages that delivers to consumers in Northern California, and its unauthorized copying of advertising from the other Spanish Yellow Pages in Northern California (Momento) in order to solicit new ads for its own publication, has an adverse and irreparable effect on Momento's position in the marketplace. It is reasonable for the Court to consider protecting a plaintiff's competitive position where a plaintiff has demonstrated that Defendant has built his business around plaintiff's works. *See Apple Computer*, 714 F.2d at 1255; *Mortgage Market Guide, LLC v.*

*Freedman Report*, *LLC*, 2008 WL 2991570, 44 (D.N.J. 2008) (citing Apple Computer for the proposition that a knowing infringer cannot be "permitted to construct its business around its infringement.").

SAUSA argues that because Momento delayed four months before bringing this lawsuit, the Court is precluded from finding it suffered irreparable harm. Even though four months indeed elapsed between SAUSA receiving notice of alleged infringement and Momento filing the instant lawsuit, it cannot be said that Momento stood idly by while it suffered irreparable harm. Momento first wrote to SAUSA in November 2008, and explained that many display advertisements in the 2007 and 2008 SAUSA directories for Northern and Central California contained "full or partial copies of advertisements published in Momento's" directories. Momento requested that SAUSA cease the allegedly infringing activity and respond by November 21, 2008. On November 21, 2008, SAUSA's counsel responded that it was "investigating [Momento's] allegations" and took them very seriously, and would adjust future directories if investigation revealed SAUSA had falsely warranted to clients that SAUSA advertisements do not "infringe upon intellectual property rights." He requested proof of Momento's copyright registrations and Momento's directories in order to further investigate the allegations of copying. No further communication transpired between these parties about copyright infringement until Momento filed the Complaint and ex parte request for injunctive relief on March 20, 2009.

Momento explains that it did not file the instant action until it actually had evidence that SAUSA had not ceased the infringing activity. The confirmation came in January 2009, when the San Jose directory was published and Momento discovered infringing advertisements. Only then did Momento determine it was necessary to bring this action and began further investigation and preparation for filing the suit, *e.g* applying for expedited copyright registrations which were received on March 10, 2009.

For these reasons, the Court finds that Momento has established the possibility of irreparable harm in the absence of an injunction, and now turns to the specifics of the relief.

**III.   Relief**.

Implicit in the court's discretion under Rule 65(a) is the fact that the Court need not grant the

6

total relief sought by the applicant but may mold its decree to meet the exigencies of the particular case or may enter conditional preliminary relief.  11A Wright & Miller, Federal Practice and Procedure, § 2947.

SAUSA objects to an order to retrieve directories that have already been distributed on the basis that they include only a handful of allegedly infringing advertisements.  The Court recognizes that mandatory injunctions are generally disfavored, *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994), and the relief should be denied unless the facts and law clearly favor the moving party.  As discussed above, the facts and law clearly favor Momento.  As a result, the Court engaged the parties in a discussion concerning the burden of retrieval attempts on SAUSA. It was agreed that SAUSA could and would retrieve the 2009 San Jose and San Francisco directories that are currently stored on pallets at distribution points, and not directories which have been picked up by consumers.

In addition to the retrieval order, the Court enjoins the distribution of the 2009 Oakland directories which have not, to date, been distributed.  SAUSA had notice of Momento's infringement contentions as of the November 2009 cease and desist letter, before it printed the most current issue of the Oakland directory. Yet SAUSA proceeded with production.  Clearly the injunction creates a hardship for SAUSA, but it is not an unreasonable one in light of SAUSA's election to proceed when it was fully aware of its possible infringing conduct.

SAUSA is enjoined from copying any of the copyrighted works of Momento, not limited to those identified in the exhibits submitted in support of this motion, and in particular, from preparing any derivative works from such copyrights and from causing them to be copied, disclosed or displayed.  SAUSA is further enjoined from false and misleading advertisement and from promoting its yellow pages as the "the first and only Spanish directory delivered to consumers in Northern California."

Finally, SAUSA shall not destroy or conceal or in any way dispose of any reproduction, copy, facsimile, excerpt, scanned version, or derivative of any copyrighted work of Momento, including those stored on computers or computer files.

**IV.    Bond Requirement.**

Federal Rule of Civil Procedure 65(c) requires the applicant to post bond, "in an amount that the court considers proper," prior to the issuance of a preliminary injunction. Fed.R.Civ.P. 65(c). The appropriate bond amount is left to the district court's discretion. *Id*.  This bond requirement serves two functions: (1) it assures the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured, and (2) it provides the plaintiff with notice of the maximum extent of its potential liability, since the amount of the bond "is the limit of the damages the defendant can obtain for a wrongful injunction, ... provided the plaintiff was acting in good faith." *Continuum Co., Inc. v. Incepts, Inc*. 873 F.2d 801, 803 (5th Cir.1989).

In response to the Court's inquiry as to what represents a "proper" amount, Momento suggests dispensing with the requirement and SAUSA argues Momento should post a bond of $5 million.  Neither party provides adequate legal or factual support for its respective position.  For instance, Momento does not claim to be an "impecunious plaintiff," which is one scenario under which the Court may grant preliminary injunctive relief without any security.

SAUSA requests the Court take into account the effect that non-distribution of the Oakland Directory will have on SAUSA.  The factors to consider are: (1) cost of litigation; (2) return of deposits from clients who purchased ads in the Oakland Directory; (3) lost sales in the San Jose, San Francisco and Stockton Directories because clients tend to purchase ads in several directories at the same time; and (4) harm to reputation if it fails to distribute the Oakland Directory. SAUSA presents specific evidence that substantiates lost deposits and outstanding fees in the amount of $355,542.35 to $455,542.35.  [Decl. of Arturo Pellerano].

The harm to SAUSA's reputation if SAUSA fails to distribute the Oakland Directory is not a relevant consideration because the evidence before the Court is that any delay in the distribution of the Oakland directory has little to do with the commencement of this litigation and Momento's request for injunctive relief. According to SAUSA's own sales materials, clients were promised a publication date for the Oakland/Alameda Directory of September 1, 2008. [Docket No. 59, Supp. Decl. A. Parvin, Ex. 5].  The Oakland Directory was sent to the printers on March 19, 2009, and the copies were scheduled to be ready on or about April 3, 2009.  [Decl. of Nodarse, ¶ 20]. Momento

filed the instant action on March 20, 2009. However, the other factors indicate that it is appropriate to require a bond in the amount of $355,500.00 in order to provide a remedy for SAUSA in the event that the preliminary injunction was improperly issued.

**CONCLUSION**

For the reasons discussed, the Court GRANTS the plaintiff's motion for Preliminary Injunction against Defendants. IT IS HEREBY ORDERED THAT,

Defendants SAUSA, CORY SUAZO and RAFAEL BERRIOS, their servants, agents and employees, all persons acting or purporting to act under their authority, direction or control, and all persons acting in concert or in participation with any of them who receive notice of this Order, shall be and are restrained and enjoined:

1. From copying any of the copyrighted works of Momento, not limited to those identified in the exhibits submitted in support of this motion, and in particular, from preparing any derivative works from such copyrights, and from copying any of the copyrighted works into any computer data base, information service, storage facility, or archives.

2. From preparing derivative works from any portion of Momento's copyrighted works and from causing them to be copied, disclosed or displayed.

3. From destroying or concealing, or in any way disposing of any reproduction, copy, facsimile, excerpt, scanned version, or derivative of any copyrighted work of Momento including those stored on computers or computer files.

4. From false and misleading advertisement and from promoting its yellow pages as the "the first and only Spanish directory delivered to consumers in Northern California."

5. From making unauthorized reproductions of copyrighted works of the Momento website.

IT IS FURTHER ORDERED THAT:

6. Defendants RETRIEVE any and all 2009 San Jose and San Francisco Directories that are undistributed and stored on pallets outside of distribution locations.

7. Defendants TURN OVER to Plaintiff's counsel all primary infringing articles used

for solicitation of advertisements, in their possession, custody or control of any copyrighted work of Momento, including but not limited to: (1) salesperson and company files relating to solicitation of advertisements that contain copies copyrighted works of Momento but which exclude records documenting the sale of the advertisements; and (2) portable computer files and other media on which the defendants have stored copyrighted works or derivative materials, including data stored on internal hard disk drives.   This relief is granted pursuant to 17 U.S.C. § 503(a)(1)(A) and (B).

This preliminary injunction will take effect upon Momento's posting a bond in the amount of $355,550.00.  The bond shall be posted no later than **July 13, 2009,** 4:00 p.m.

The Court further DENIES AS MOOT Plaintiff's motion for Leave to File Supplemental Reply Brief and Supplemental Declaration to Plaintiff's Reply in Support of Plaintiff's Ex Parte Application, filed by Momento, Inc., filed on April 16, 2009. [Docket No. 60].

IT IS SO ORDERED.

DATED:7/6/09

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

10