**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MOMENTO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECCION AMARILLA USA, a California LLC, CORY SUAZO, RAFAEL BERRIOS, DOES 1-50,<br><br>Defendants. | No. C 09-1223 SBA<br><br>**ORDER ON SUPPLEMENTAL BRIEFING**<br><br>[Docket Nos. 95, 96] |

Before the Court is Plaintiff's Motion to Reduce the Preliminary Injunction Bond [Docket No. 95] and Defendants' Administrative Request for Order Dissolving Injunction Order [Docket No. 96].

**A.  Procedural Background.**

The Court issued a preliminary injunction on May 13, 2009 and ordered Plaintiff to post a bond in the amount of $355,550. [Docket No. 65]. The preliminary injunction was to take effect upon posting of the bond, no later than July 13, 2009, at 4:00 p.m.. To date, the bond has not been posted. On July 10, 2009, Plaintiff filed the motion to reduce the amount of the bond, citing its inability to obtain a bond from sureties as the reason for the Court to reduce the bond amount. On July 14, 2009, Defendants filed their request that the Court dissolve the preliminary injunction because the bond was not posted by the deadline. Neither party filed a response to the other's motion.

**B.  Plaintiff's Motion.**

Plaintiff has not demonstrated to the Court that a financial inability to post the $355,550 bond is good cause for dispensing with the bond requirement altogether, nor for reducing the bond to an amount that is less than Defendants' anticipated losses and damages. [*See* Amended Order Granting

Preliminary Injunction, p. 8, "SAUSA presents specific evidence that substantiates lost deposits and outstanding fees in the amount of $355,542.35 to $455,542.35.]   Moreover, Plaintiff has not made a specific request for a reduced bond amount. "[T]he bond can be viewed as a contract in which the court and plaintiff 'agree' to the bond amount as the 'price' of a wrongful injunction." *Continuum Co., Inc. v. Incepts, Inc*.  873 F.2d 801, 803 (5th Cir.1989).  The Court has received no guidance from Plaintiff as to what amount Plaintiff asserts would be appropriate as the "price of a wrongful injunction."

For this reason, the Court ORDERS Plaintiff to SUBMIT a supplemental brief specifying a sum certain, and providing authority demonstrating its request will satisfy the purpose of the bond requirement. [*See* Court's Amended Order Granting Preliminary Injunction at p. 8.]  Plaintiff's brief must be filed **no later than seven days from the date of this Order**.  Defendants are directed to respond **no later than 4 days from the date Plaintiff's brief is filed**.

**C.     Defendant's Administrative Request.**

Generally, a dissolution of a preliminary injunction is appropriate on consideration of new facts, or a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable. *See e.g.*, *U.S. v. Board of School Commrs. of City of Indianapolis*, 128 F.3d 507 (7th Cir. 1997) (*e.g.* evidence that the wrongdoer is really someone else); *Favia v. Indiana University of Pennsylvania,* 7 F.3d 332, 337 (3rd. Cir. 1993).  Because a ruling on Defendants' request is conditional on resolving the Plaintiff's motion, the Court shall hold the request in abeyance until the Plaintiffs' motion has been adjudicated.

IT IS SO ORDERED.

DATED: 8/31/09

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

2